# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MCFADDEN, | : | |
| | : | Civil No. 3:13-CV-1632 |
| Petitioner | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DAVID EBBERT, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of the Case

In this case, Christopher McFadden, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. McFadden is an inmate currently incarcerated at the United States Penitentiary, Canaan, serving a federal firearms sentence imposed upon him in the United States District Court for the Southern District of Florida in 1999. (Doc. 1.) McFadden's petition candidly acknowledges that he unsuccessfully challenged this conviction and sentence on direct appeal in 2000, and through a post-conviction motion filed pursuant to 28 U.S.C. §2255 in the district of conviction in 2001. (Id.)

Despite this prior, unsuccessful post-conviction litigation, McFadden has now filed the instant habeas corpus petition pursuant to 28 U.S.C. §2241. In support of this petition McFadden alleges a claim of actual innocence. However, scrutiny of this

actual innocence claim reveals that McFadden is not asserting factual innocence in this case. (Id.) Rather, McFadden's federal habeas corpus petition simply raises a layered procedural legal defense to culpability in this case, alleging that the police lacked legal grounds to detain him and seize a firearm from him, and that his counsel was ineffective in failing to more thoroughly and aggressively litigate this suppression issue. (Id.) On the basis of this assertion, McFadden seeks to use the general habeas corpus statute, 28 U.S.C. §2241, to challenge his conviction and sentence and bypass 28 U.S.C. §2255, the statute generally applicable to post-conviction petitions of this type.

Along with his petition, McFadden has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) We will GRANT this motion for leave to proceed *in forma pauperis*, but we recommend that the district court decline this invitation to allow McFadden to litigate this claim here, rather than in the district of his conviction. Our screening review of this case leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the Southern District of Florida as a petition under 28 U.S.C. §2255, or in the United States Court of Appeals for the Eleventh Circuit as a second and successive petition under §2255. Therefore, we recommend that this petition either be dismissed

without prejudice or be transferred to the Southern District of Florida for consideration as a motion to correct sentence under 28 U.S.C. § 2255.

## II. Discussion

### A. This Petition Should Be Dismissed or Transferred to the Sentencing Court

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255. his showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or

5

procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier

6

opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Thus, to pursue a claim under §2241 one must, in essence, present an assertion of actual innocence.

In this regard: "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992)." Bousley v. United States, 523 U.S. 614, 623-24(1998). "To establish actual innocence, petitioner must demonstrate that, ' " 'in light of all the evidence,' " ' 'it is more likely than not that no reasonable juror would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970))." Bousley v. United States, 523 U.S. 614, 623 (1998). Applying this principle to claims made under Dorsainvil:

> [T]his court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251–52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002).A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect. A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that

7

> it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, the Supreme Court, in *House,* emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case. See House, 547 U.S. at 536–37 (citing Schlup, 513 U.S. at 327).

White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010).

On its face, McFadden's petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. McFadden has not, and indeed cannot, argue that possession of firearms by a convicted felon is a matter which an intervening change in substantive law has made no longer criminal. Dorsainvil, 119 F.3d at 251. Quite the contrary, this conduct remains as illegal today as it was in 1999, when McFadden was convicted. Furthermore, McFadden's petition does not raise a claim of actual, factual innocence. Rather, it simply posits a claim of "innocence based on a legal, procedural defect." White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010). Since " 'actual innocence' means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992)," Bousley v. United States, 523 U.S. 614, 623-24 (1998), McFadden's suppression claims do not provide grounds for foregoing relief under §2255, and pursuing a federal habeas corpus petition under §2241. In sum, the Dorsainvil exception, under which § 2241 relief could be available in lieu of a motion

8

under 28 U.S.C. §2255, simply has no application here. Instead, the petitioner's current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to litigate these legal claims in a different forum. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and, therefore, this request must be rejected by this court. Manna v. Schultz, 591 F.3d 664 (3d. Cir. 2010).

Recognizing that this matter is not appropriately brought before this court, we acknowledge that the petition could be dismissed. Indeed, dismissal is often the favored course where, as here, a §2255 petition would be a second or successive petition and the petitioner has not made the legal showing before the court of appeals that is necessary to justify a successive filing. White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010) ("Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because Petitioner has filed a § 2255 case which asserts the exact claims as in this petition, and is being reviewed by the [Appellate] Circuit, it does not appear that transfer would be in the interest of justice. Accordingly, the petition will be dismissed.").

In the alternative, the petition could be transferred to the Southern District of Florida, so the sentencing district court may consider this petition. Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the

statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the District of Montana pursuant to 28 U.S.C. §1404 are fully satisfied. At the outset, it is apparent that the Southern District of Florida is another district where this claim might have been brought through a motion under 28 U.S.C. §2255. Indeed, that district is the most appropriate venue for this particular challenge to this conviction and sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the Southern District of Florida would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . .determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, McFadden invites this court under the guise of a habeas petition to do something which the sentencing court must do. He asks this court to impose a new, different and more lenient sentence upon him than the sentence ordered in the district of conviction in 1999. We should decline this invitation, given that McFadden has made no showing that § 2255 is inadequate or ineffective to test the legality of his sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this court should either dismiss this petition without prejudice or transfer this petition to the Southern District of Florida pursuant to 28 U.S.C. § 1404, so that court may address McFadden's claims.

### III. Recommendation

Accordingly, for the foregoing reasons, the petitioner's motion for leave to proceed *in forma pauperis*, (Doc. 2.) is GRANTED but IT IS RECOMMENDED, that this court should either dismiss this petition without prejudice or transfer this petition to the Southern District of Florida pursuant to 28 U.S.C. § 1404, so that court may address McFadden's claims.

> Petitioner is placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.
>
> Submitted this 19th day of June 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge