FILED
SCRANTON
JUL 09 2013

PER M.6.1
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER MCFADDEN,

    Petitioner,

v.

DAVID EBBERT,

    Respondent.

Civil Action No. 3:13-CV-01632

(Judge Kosik)

## ORDER

AND NOW, this 8th day of July 2013, IT APPEARING TO THE COURT THAT:

1. Petitioner, Christopher McFadden, initiated this action on June 18, 2013 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner also filed a motion for leave to proceed *in forma pauperis* on the same day. (Doc. 2).

2. The petition states that Petitioner is challenging his 1999 conviction and sentence in the United States District Court in the Southern District of Florida. (Doc. 1). Petitioner alleges that he is challenging his conviction and sentence on the grounds of actual innocence. (*Id.*). However, a meticulous examination of the habeas petition shows that Petitioner is not claiming actual innocence, but is instead raising procedural issues and ineffective assistance of counsel grounds. (*Id.*).[1]

---

[1] Under the section entitled "Grounds for Your Challenge in This Petition", Petitioner states, in full:

Actual innocence claim. Citizens of the United States are protected by fourth, fifth, and sixth Amendments. Under the Exclusionary Rule a person is violated when an officer unlawfully search or detain him or her without probable cause.

(sic) (Doc. 1, p. 6). Petitioner goes on to explain:

    The Petitioner is claiming actual innocence because the police never had probable cause to order him and his girlfriend on the ground while walking down sidewalk minding their own business under gun point at that. They never had no information from a James White there never was a James White they made him up. Public defender Mr. Adler knew after learning that this so call witness...James did not live at the address matching the address on the witness statement form. The investigator was told by a woman at 1555 Apt # J104 that no James lives there and she also said she had been living there for seven years.
    James never testified at petitioners trial. Mr. Adler should have filed a motion to suppress the firearm in Count 2 due to the Exclusionary Rule.
    Petitioner believe his trial public defender should have known that he had standing to challenge the admission of illegally obtained evidence when his client constitutional rights has been violated.
    Illegal evidence gather by state police officers cannot be used against a defendant in federal court a fourth amendment violation.
    This James White supposedly had given this information at 9:55 AM 10-15-98 but see attached

3. On June 19, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that we grant Petitioner's motion for leave to proceed *in forma pauperis* and that we either dismiss the petition without prejudice or transfer the petition to the Southern District of Florida pursuant to 28 U.S.C. § 1404. (Doc. 3).

4. Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Petitioner failed to file objections.

AND, IT FURTHER APPEARING THAT:

5. If no objections are filed to a Magistrate Judge's Report and Recommendation, the petitioner is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

6. We have reviewed the Report of the Magistrate Judge and we agree with the Magistrate Judge's conclusions.[2]

7. Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rule Governing Section 2254 Cases in the United States District Court.[3] 28 U.S.C. § 2254. A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (*citing Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is

---

witness statement and probable cause affidavit officer Lewis stated that he wrote and signed at 9:40 AM 10-15-98. See attached probable cause affidavit pages 1-3.

(sic) (*Id.* at 7-8).

[2]We note that the Magistrate Judge recommends dismissal of the habeas petition or transfer to the Southern District of Florida. We choose to dismiss the action. If Petitioner wishes to pursue his claims further, he can file the correct petition for writ of habeas corpus with the Southern District of Florida.

[3]While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that rules may be applied in § 2241actions at the discretion of the United States District Court. This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, *e.g., Health v. Bell*, 448 F.Supp. 416, 417 (M.D. Pa. 1977); *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa. 2009), and there is no sound reason not to apply Rule 4 in this case.

determinative." *Cradle,* 290 F.3d at 538 (*citing Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motions "does not make § 2255 inadequate or ineffective."); *Brown v. Mendez,* 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971).

8. In *Cradle v. United States,* the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255. *Cradle,* 290 F.3d at 538-39. Rather, the Court in *Cradle* held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. *Id.*

9. As stated in *In re Dorsainvil,* the availability of the § 2241 remedy to challenge a federal conviction is extremely limited. *In re Dorsainvil,* 119 F.3d 245, 250 (3d Cir. 1997). A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown,* 167 F. Supp. 2d at 726-27. Thus, to pursue a claim under § 2241 one must, in essence, present an assertion of actual innocence.

10. Application of the above principles compels the conclusion that Petitioner cannot raise his claims in the instant § 2241 petition. Petitioner's current claim challenges the legality of his conviction and sentence, therefore, it is in the purview of a motion under § 2255. Petitioner has failed to show how his petition demonstrates that the narrow exception found in *In re Dorsainvil* has any legitimate application to the instant proceedings.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 23) is **ADOPTED**;

2. Petitioner's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**; and

4. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge